Case 2:20-cv-00155   Document 24   Filed on 04/15/21 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
April 15, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOSEPH BURKHART, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:20-CV-155 |
| § | |
| ANDREW M. SAUL, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER REMAINDING CASE

Plaintiff Joseph Burkhart brought this action on June 8, 2020, seeking review of the Commissioner's final decision determining he was not disabled. (D.E. 1; Case No. 2:20-mc-856). On January 13, 2021, Plaintiff filed a Brief in Support of Claim, construed as a Motion for Summary Judgment. (D.E. 19). On February 25, 2021, Defendant filed a Brief, construed as a Cross Motion for Summary Judgment. (D.E. 20). Plaintiff filed a Reply Brief on March 15, 2021. For the reasons below, the ALJ's decision is not supported by substantial evidence. Accordingly, Plaintiff's Motion for Summary Judgment is **GRANTED**, the Commissioner's Motion for Summary Judgment is **DENIED** and this case is **REMANDED** to the Commissioner for findings consistent with this Order.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 42 U.S.C. § 405(g). The parties have consented to proceed before the undersigned and this case has been reassigned. (D.E. 15, D.E. 16 and D.E. 18).

## II. ISSUES PRESENTED

Plaintiff contends the ALJ improperly found Plaintiff's employment as an auto accessories salesperson qualified as past relevant work ("PRW") and therefore, the ALJ erred when relying on transferable skills from this position to determine what jobs Plaintiff could perform.

## III. STANDARD OF REVIEW

Judicial review of the Commissioner's decision regarding a claimant's entitlement to benefits is limited to two questions: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted); *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). The burden has been described as more than a scintilla but lower than a preponderance. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (citation omitted). A finding of "no substantial evidence" occurs "only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988) (citations omitted).

In applying the substantial evidence standard, the Court scrutinizes the record to determine whether such evidence is present.  However, the Court does not reweigh the evidence, try the issues de novo or substitute its judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citations omitted); *Carey*, 230 F.3d at 135 ("Conflicts in the evidence are for the Commissioner to resolve.") (citation omitted).  It is incumbent upon the Court to look at the evidence as a whole and take into account the following factors: (1) objective medical evidence or clinical findings; (2) diagnosis of any examining physician; (3) subjective evidence of pain and disability and (4) the claimant's age, education and work history.  *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (citation omitted).

In evaluating a disability claim, the Commissioner follows a five-step process to determine whether (1) the claimant is presently working; (2) the claimant's ability to work is significantly limited by a physical or mental impairment; (3) the claimant's impairment meets or equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant cannot presently perform relevant work.  *Martinez v. Chater*, 64 F.3d 172, 173-174 (5th Cir. 1995) (citations omitted).  The claimant bears the burden of proof on the first four steps with the burden shifting to the Commissioner at the fifth step who must show that, in light of claimant's residual functional capacity ("RFC"), claimant can perform other substantial work in the national economy.  *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994).

## IV. BACKGROUND

Plaintiff filed an application for disability insurance benefits on November 27, 2017 and for supplemental security income benefits on December 11, 2017, alleging disability as of December 30, 2014, due to hypertension, gout, aortic aneurysm, an unknown heart condition and arthritis in his back, shoulders and knees. (D.E. 13-3, Page 11; D.E. 13-4, Page 18-19, 21 and 40-41 and D.E. 13-6, Page 19-20). Plaintiff's applications were denied administratively. (D.E. 13-5, Pages 10-39). At Plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on October 11, 2018, at which Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified. (D.E. 13-3, Pages 33-76 and D.E. 13-5, Page 40). Plaintiff was 53 years old on his alleged onset date and 57 years old at the hearing. (D.E. 13-3, Pages 39 and 65). The ALJ issued an unfavorable decision on February 19, 2019, finding Plaintiff not disabled from December 30, 2014, the alleged onset date, through the date of the decision. (D.E. 13-3, Pages 8-31).

The Appeals Council declined Plaintiff's request for review on April 13, 2020, making the ALJ's February 19, 2019 decision final. (D.E. 13-3, Pages 2-7). Plaintiff then filed this action on June 8, 2020, seeking review of the Commissioner's final decision. (Case No. 2:20-mc-856, D.E. 1).

## V. THE OCTOBER 11, 2018 HEARING AND THE ALJ'S DECISION

The ALJ questioned Plaintiff at the hearing about his work history. (D.E. 13-3, Pages 41-54). In relevant part,[1] Plaintiff testified he worked for Peveto Industries as a manager in training where he:

> Worked in the sales portion of it in pushing auto mechanics to bring what problems there were with the vehicles to me to where I would sell it to the customer, explain to them what they needed done on their vehicle per any brakes, alignments, and different things like that that consisted of the vehicle.

(D.E. 13-3, Page 43). Plaintiff testified he received eight weeks of training and then became a manager for about two months until he quit because he did not want to move stores and "[t]hey worked you as long as they could for very little pay." (D.E. 13-3, Pages 43-45). The ALJ noted Plaintiff earned $500.00 in this position in 2003 and $3,833.00 in 2004. (D.E. 13-3, Page 44). The VE classified this position as a retail manager, light, semi-skilled with a specific vocational preparation ("SVP")[2] code of 5, noting Plaintiff had not been in the position long enough to classify it as SVP 7. (D.E. 13-3, Page 44).

Plaintiff also testified he worked at O'Reilly Enterprises performing inside sales for three months. (D.E. 13-3, Pages 48-49). The VE testified this was long enough to

---

[1] Plaintiff had multiple jobs during the 15 years prior to his alleged onset date, the majority as an instrument fitter. (D.E. 13-3, Pages 41-54). However, the pending issue centers on his transferable skills obtained from his employment in retail automotive sales positions.

[2] SVP is defined as the amount of time required "by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." https://occupationalinfo.org/appendxc_1.html#II (last visited April 12, 2021). Relevant to this case, an SVP 3 position requires over one month up to and including three months, an SVP 4 position requires over three months and up to and including six months and an SVP 5 position requires over six months up to and including one year. *Id*.

learn the position and classified it as automobile accessories salesperson, light, SVP 4. (D.E. 13-3, Page 49). The ALJ noted Plaintiff's earning in this position were approximately $800.00. (D.E. 13-3, Page 48). Plaintiff then testified he worked for Peveto again as inside sales, a service writer and manager in training for approximately four months, 60-70 hours per week, until he left to take care of his father as a paid home attendant. (D.E. 13-3, Pages 50-54). Plaintiff testified that as service writer, he was the first person to speak with a customer to find out what was going on with their vehicle and to bring their vehicle into the bay to be looked at and to then later explain what needed to be done and how much it was going to be, preparing estimates for the services. (D.E. 13-3, Page 58).

The VE testified Plaintiff's past relevant work included his employment as an auto accessories salesperson and there were transferable skills including record keeping, basic math skills and knowledge of items being sold or serviced. (D.E. 13-3, Pages 67 and 70). The VE further testified an individual with the same age, education and vocational background as Plaintiff who could sit six hours in an eight-hour day; could occasionally reach overhead with his right arm; could occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl; could never climb ladders, ropes or scaffolds or work at unprotected heights or around hazards or in extreme heat; and could understand, remember and carry out detailed, but not complex, semi-skilled work and exercise corresponding judgment could not perform any of Plaintiff's past relevant work as he performed it. (D.E. 13-3, Page 70). However, the VE also testified that at a sedentary level, this hypothetical individual could perform work as a scheduler maintenance for

automobile repair (SVP-4), repair service clerk (SVP-4), and a cash on delivery clerk in the automotive repair industry (SVP-3).  (D.E. 13-3, Pages 69-71).  The VE testified a person in these positions could alternate between sitting and standing.  (D.E. 13-3, Page 74).  The VE further testified the methodology used to determine available positions was to look "at transferable skills and look at the specific job duties of the prior work and identify those tasks that are common to other jobs" as well as an individual's education and other work experience.  (D.E. 13-3, Page 72).

In the February 19, 2019 decision, the ALJ determined Plaintiff had not been under a disability through the date of the decision.  The ALJ found Plaintiff met the insured status requirements through September 30, 2021 and had not engaged in substantial gainful activity since December 30, 2014, the alleged onset date.  (D.E. 13-3, Page 13).  The ALJ further found Plaintiff had the following severe impairments: abdominal aortic aneurysm, atrial flutter status-post ablation, irritable bowel syndrome (IBS), diverticulosis/diverticulitis, status post two colon resections, Barrett's esophagus, status-post right inguinal hernia repair, gout, obesity, status-post total left knee replacement with osteoarthritis, status-post rotator cuff repair, depressive disorder, anxiety disorder and nicotine dependence.  (D.E. 13-3, Pages 13-14).  The ALJ further found that while Plaintiff had multiple severe impairments, no impairment or combination of impairments met or medically equaled the severity of a listed impairment.  (D.E. 13-3, Pages 14-15).  As a result, the ALJ determined Plaintiff had the RFC to perform a modified range of sedentary work.  (D.E. 12-3, Pages 15-16).  Specifically, the ALJ found Plaintiff could stand/walk for two hours out of an eight hour workday for no

more than 30 minutes at a time with a one minute rest break at the work station; could occasionally reach overhead with the right upper extremity; could occasionally kneel, balance, stoop, crouch, crawl and climb ramps and stairs, but could never climb ladders, ropes and scaffolds; cannot work around unprotected heights or hazards; must avoid extreme heat; could understand, remember and carry out detailed, but not complex work; and could exercise judgment required for detailed, but not complex work. (D.E. 13-3, Pages 15-16).

The ALJ determined Plaintiff was unable to perform any past relevant work, which included instrument fitter (skilled, heavy, SVP 7), manager-retail (skilled, light, SVP 5), superintendent (pipelines) (skilled, heavy, SVP 8), auto accessories salesperson (semi-skilled, light, SVP 4) and home attendant (semi-skilled, medium, SVP 3). (D.E. 13-3, Pages 22-23). The ALJ then found that considering Plaintiff's age, education, work experience and transferable skills acquired from his position as an auto accessories salesperson (SVP 4) as testified by the VE, he was capable of performing work as a maintenance scheduler for automobiles, repair service clerk, or cash on delivery clerk, which are all semi-skilled, sedentary SVP 3 or 4 positions. (D.E. 13-3, Pages 23-24). The ALJ specifically found, based on the VE's testimony, that Plaintiff acquired the following work skills from his auto accessories salesperson position (semi-skilled, SVP 4): record keeping, use of basic math and knowledge of items being sold or serviced. (D.E. 13-3, Page 23). Accordingly, the ALJ concluded Plaintiff was not disabled from December 30, 2014 through the date of the decision. (D.E. 13-3, Page 24).

## VI. ANALYSIS

A disability applicant's work history constitutes "past relevant work" only if (1) the claimant performed the work within the last 15 years; (2) the work lasted long enough for the claimant to learn how to perform the job; and (3) the work constituted substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1565(a), 416.965(a). SGA is defined as work activity involving significant physical or mental activities for pay or profit. 20 C.F.R. § 404.1572; 20 C.F.R. § 404.1510. While several factors may be used to decide whether work is SGA, the primary consideration is earnings. 20 C.F.R. § 416.974(a)(1). A number of charts and regulations determine when a claimant's earnings rise to the level of SGA. 20 C.F.R. §§ 404.1574(b)(2), 416.974(b)(2). When a plaintiff's monthly earnings exceed a particular threshold for any given month, SGA is indicated but if they do not exceed the threshold, a rebuttable presumption arises that the job is not SGA and is, therefore, not past relevant work. *Copeland v. Colvin*, 771 F.3d 920, 925-27 (5th Cir. 2014) (Finding the Commissioner's failure to address Copeland's low earnings and apply the rebuttable presumption was grounds for remand).

Plaintiff argues his work as an auto accessories salesperson was never performed at the SGA level and therefore, cannot be considered past relevant work, because his earnings in these positions fell below the earnings guidelines for SGA. Therefore, Plaintiff asserts the ALJ erred by finding transferable skills[3] from this position. In short,

---

[3] Transferable skills are those "that can be used in other jobs, when the skilled or semi-skilled work activities [the claimant] did in past work can be used to meet the requirements of skill or semi-skilled work activities of other jobs or kinds of work" with the same or lesser degree of skill required. 20 C.F.R. § 404.1568(d); Soc. Sec. Ruling 82-41 ("SSR 82-41") ("Transferability means applying work skills which a person has demonstrated in vocationally relevant past jobs to meet the requires of other skilled or semiskilled jobs"). When a claimant has performed work

Plaintiff argues the testimony of the VE indicating Plaintiff could perform the jobs described above using the skills found transferable from the auto accessories salesperson position cannot constitute substantial evidence to support the ALJ's Step Five finding.

The parties do not appear to dispute Plaintiff's earnings as an auto accessories salesperson fell below the relevant threshold. (D.E. 13-6, Pages 33-35). Rather, Defendant argues pay alone is not the only indicator as to whether Plaintiff's skills obtained in these positions were transferable to other jobs. While the undersigned agrees with Defendant that Plaintiff's previous work could have transferable skills based on considerations other than earnings, including his own testimony about his job duties and performance and his education, the ALJ did not address any such considerations in the decision. Under the facts presented in this case, the ALJ's finding that Plaintiff acquired transferable skills is not support by substantial evidence in the record. As in *Copeland*, nowhere did the ALJ substantively discuss Plaintiff's low earnings as an auto accessories salesperson nor did the ALJ apply the presumption that Plaintiff's past work as an auto accessories salesperson was not SGA. *Copeland*, 771 F.3d at 927; *Wilson v. Colvin*, No. 3:14-cv-510-FKB, 2015 WL 7783649, at *2-3 (S.D. Miss. 2015) (Remanding case where ALJ failed to address Plaintiff's low earnings and it was unclear if his work "would have been sufficient to provide him with the transferable skills assumed by the VE.") At the hearing the ALJ discussed the length of time Plaintiff worked in each position and the amount he earned, however, neither was addressed in the opinion. This error is

---

for a very short period of time and has left that employment because of an inability to perform due to an impairment, the short period of employment generally does not qualify as past relevant work for purposes of determining transferable skills. 20 C.F.R. § 404.1574(a)(1); 29 C.F.R. § 404.1574(c).

prejudicial because the ALJ might have reached a different conclusion if Plaintiff's work as an auto accessories salesperson was not PRW, especially given the reliance on the transferable skills found to be obtained from this position when determining Plaintiff could perform other work existing in the national economy. In short, the ALJ failed to make factual findings supported by substantial evidence to support the conclusion that Plaintiff's work as an auto accessories salesperson was PRW and that Plaintiff acquired transferable skills from these positions.[4]

## VII.  CONCLUSION

For the reasons stated above, the ALJ's decision is not supported by substantial evidence. Accordingly, Plaintiff's Motion for Summary Judgment is **GRANTED**, the Commissioner's Motion for Summary Judgment is **DENIED**, and this case is **REMANDED** to the Commissioner. Upon remand, the ALJ should further consider whether Plaintiff has acquired transferable skills from his PRW and whether Plaintiff retains the RFC to perform work which exists in the national economy. The undersigned makes no decision as to Plaintiff's ultimate entitlement to any disability benefits.

ORDERED this 15th day of April 2021.

_Jason Libby_
Jason B. Libby
United States Magistrate Judge

---

[4] As an alternative argument, Defendant asserts Plaintiff's attorney failed to cross-examine the VE regarding the transferability of Plaintiff's skills and therefore, Plaintiff has waived this issue. (D.E. 20, Page 15; *Perez v. Barnhart*, 415 F.3d 457, 464 (5th Cir. 2005) ("[W]here the claimant offers no evidence contrary to the VE's testimony, the claimant fails to meet his burden of proof under the fifth step of the disability analysis"). However, in this case, Plaintiff has demonstrated both the VE and the ALJ failed to address his lower earnings, which could undermine their conclusions that Plaintiff's employment as an auto accessories salesperson qualifies as PRW or that Plaintiff has transferable skills.